*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACY HUBBARD,

      Plaintiff-Appellee,

v

LISA STIER, N.P., AND MUNSON
HEALTHCARE OTSEGO MEMORIAL
HOSPITAL, also known as MUNSON
HEALTHCARE OMH MEDICAL GROUP-
LEWISTON,

      Defendants-Appellants.

FOR PUBLICATION
March 2, 2023

No. 357791
Montmorency Circuit Court
LC No. 20-004809-NH

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

SHAPIRO, P.J. (*concurring*).

I concur in the result reached by the majority, but based on a different analysis.

AO 2020-3 was adopted on March 23, 2020. The language of that order is clear: "For all deadlines applicable to the commencement of all civil and probate case-types, . . . and *any* statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1)." (Emphasis added). The Governor's state of emergency began on March 10, 2020.

AO 2020-4 issued on May 1, 2020, amended AO 2020-3 to provide that it "does not suspend or toll any time period that must elapse before the commencement of an action or proceeding." I agree that under AO 2020-4, the time tolled by the filing of a notice of intent (NOI) is not extended. However, I would hold that the number of days between March 10, 2020, and

-1-

May 1, 2020, i.e., 53 days, was tolled because during that time AO 2020-3 (without the amendment provided by AO 2020-4) was in effect.[1]

      In this case, plaintiff's NOI was filed on February 13, 2020, and normally the 182-day period would have expired on August 13, 2020. The 53 days of tolling would extend that date to October 5, 2020. Four days remained in the statute of limitations after the NOI waiting period and so the deadline to file was October 9, 2020. The complaint was not filed until November 3, 2020, and so was untimely.[2]

/s/ Douglas B. Shapiro

---

[1] Allowing for the 53-day tolling under AO 2020-3 prior to its amendment would not have altered the result in *Armijo v Bronson Methodist Hospital*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 358728).

[2] The statute of limitations itself—absent tolling resulting from the mailing of the NOI—would have expired February 17, 2020.